# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20637

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2015

Lyle W. Cayce
Clerk

United States of America, ex rel, SLAV LIGAI; TATIANA LIGAI,

Plaintiffs - Appellants

v.

ESCO TECHNOLOGIES, INCORPORATED; ETS-LINDGREN, L.P.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2973

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

In their complaint before the district court, plaintiffs Slav and Tatiana Ligai claimed, in essence, that defendant ETS-Lindgren, L.P.—their former employer—and its parent company, ESCO Technologies, Inc., violated the False Claims Act (FCA) by (1) submitting false claims to the federal government for payment; and (2) firing them in retaliation for Slav Ligai's internal reports of those false claims. *See* 31 U.S.C. §§ 3729(a)(1)(A)–(B),

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

3730(h).  The district court dismissed the complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b), and the Ligais appealed.

After reviewing the briefs, pertinent portions of the record, and the applicable law, we hold that the district court did not err in dismissing the complaint.  More specifically, the complaint alleges that ETS violated the FCA "by submitting false certifications to the military and government" representing that it calibrated the government's electromagnetic-energy-measuring instruments in accordance with applicable industry standards and specifications.  In this circuit, however, when "[t]he linchpin of an FCA claim" is the defendant's false certification of compliance with a statute, regulation, or contract, the FCA claim will succeed "only when 'certification is a *prerequisite* to obtaining'" payment from the government.  *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365–67 (5th Cir. 2014) (emphasis added) (quoting *United States ex rel. Marcy v. Rowan Co.*, 520 F.3d 384, 389 (5th Cir. 2008)); *see also, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) ("We have . . . repeatedly upheld the dismissal of false-certification claims . . . when a contractor's compliance with federal statutes, regulations, or contract provisions was not a 'condition' or 'prerequisite' for payment under a contract.").  As the district court noted, the Ligais' complaint fails to identify any specific statute, regulation, or contract provision providing that compliance with the applicable standards, let alone certification of compliance, was a prerequisite to the government's payments to ETS.  *See United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 206–07 (5th Cir. 2013).  Given this circuit's "prerequisite requirement," *Spicer*, 751 F.3d at 366 (internal quotation marks omitted), then, the district court did not err in dismissing the Ligais' claims under §§ 3729(a)(1)(A)–(B).

Nor did the district court err in dismissing the Ligais' retaliation claim under § 3730(h).  As the district court explained, the complaint fails adequately

to allege that, at the time of the Ligais' firing, ETS *knew* that the Ligais had engaged in any activity protected by the FCA—an essential element of an FCA retaliation claim. *See United States ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 371–72 (5th Cir. 2011) ("To bring an FCA retaliation claim for his termination, [the plaintiff is] required to show [1] that he engaged in activity protected under the statute, [2] that his employer knew he engaged in protected activity, and [3] that he was discharged because of it." (citing *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994))). The complaint was still under seal—and thus unknown to ETS—when the Ligais were fired. *See* § 3730(b)(2) (providing that FCA complaints filed by private persons "be filed in camera" and "remain under seal for at least 60 days"). And, although Slav Ligai repeatedly reported to his superiors ETS's allegedly substandard calibration practices, none of his reports contained "any suggestion that [he] was attempting to expose illegality or fraud within the meaning of the FCA." *Patton*, 418 F. App'x at 372; *see also Robertson*, 32 F.3d at 951 (holding that the plaintiff's internal reports did not constitute protected activity in part because the plaintiff "admitted that he never used the terms 'illegal,' 'unlawful,' or '*qui tam* action' in characterizing his concerns"). Accordingly, although Slav Ligai's internal reports exhibit a concern for the quality of calibration work provided to the government—work that can be crucial to the safety and efficacy of the nation's military—the district court did not err in concluding that the expressed concerns did not rise to the level of protected activity under the FCA.

Thus, essentially for the reasons given by the district court, the district court's judgment is, in all respects,

AFFIRMED.